## Ed. Powell v. The State.

### No. 756. Decided November 2, 1910.

**1.—Robbery—Putting in Fear of Life—Charge of Court.**

Where the indictment charged a robbery by putting in fear of life and bodily injury, but the testimony did not show that the injured party was put in fear of his life, the court erred in charging this part of the law to the jury.

**2.—Same—Evidence—Moral Turpitude.**

Where, upon trial of robbery, the district attorney was permitted on cross-examination of defendant to interrogate him about offenses which involved no moral turpitude, the same was inadmissible, and reversible error.

**3.—Same—Argument of Counsel—Bill of Exceptions.**

Where there was no bill of exceptions reserved to the action of the district attorney in reading to the jury the court's charge to the grand jury, an objection on this ground could not be considered on appeal.

Appeal from the District Court of Bexar. Tried below before the Honorable Edward Dwyer.

Appeal from a conviction of robbery; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of robbery, his punishment being assessed at eight years confinement in the penitentiary.

The alleged injured party, J. C. Hawkins, testifies that he came into San Antonio on the train, and after leaving the depot was trying to find the Globe Hotel with a view of spending the night, but missed it, and went on about a square above the hotel where he met a young man, "a boy like," and asked him in regard to a rooming house. Just at this juncture appellant came upon the scene and informed the witness that he could show him a bed that he could get for 50 cents. Witness told him that was more than he was willing to pay. Appellant then told him where he could get a clean bed for 25 cents. They started on, going up the sidewalk about a block in a southerly direction where witness proposed that they go into a saloon and get a glass of beer, which they did. While in there he says an old gentleman came in and they got to talking about the old Confederate times, when appellant requested the witness to go home with him and he would give him a bed free; that his mother loved to talk to the old veterans. Witness declined but appellant insisted. They went on and came to another beer joint, and appellant proposed that they go in and get a beer. There was another man with them, a young man, that is, there were three together at the time. They came to a place, and went in to get the beer. The witness, after getting in, said he would take whiskey; that he did not care for any beer. Appellant wanted him to smoke a cigar as they did not have whiskey in the house. This witness declined, but drank a bottle of sodawater. After drinking this they started across the street and turned southeast, which was a change from the general direction they had been traveling. After going a little distance appellant struck him across the nose and knocked him down, grabbed his throat and choked him. He tried to holler but could not on account of the choking; that appellant took all the money he had, and turned him over and stuck his hands in his pocket; that he told appellant that was all the money he had, and appellant jumped up and ran away. He says the blow on his nose caused it to bleed; that he went to seek a policeman, and in doing so he went to the police headquarters, and that blood dropped from his nose along the street where he went. There is evidence of blood along the street the witness said he traveled. This is a sufficient statement of the prosecuting witness' testimony without going into minutiae and details of the examination and cross-examination. He stated appellant got five dollars in currency, three dollars in silver, and some small change. The witness had been convicted for assault to murder and served two years in the penitentiary, but had been pardoned. Appellant denied having anything to do with robbing the old man, but admitted that they took a drink of sodawater together for which he, appellant, paid; that he then turned and walked away and left the old man where they took the

sodawater; that he had never seen him before that night, and had nothing to do with the robbery if one occurred, and was not present. Without further detail we think this is a sufficient statement of the evidence.

1. The indictment charges appellant with robbery by making an assault upon the person of J. C. Hawkins, and then and there by said assault and violence to the said J. C. Hawkins, and by putting the said J. C. Hawkins in fear of life and bodily injury, did then and there fraudulently take, etc. The court gave a general definition of robbery as set out in the statute; in fact copied the entire statute. After giving the definitions the court, applying the law, instructed the jury as follows: "Bearing in mind the foregoing: If you believe from the evidence, beyond a reasonable doubt, that the defendant, Ed. Powell, in the County of Bexar and State of Texas, on or about the 19th day of November, 1909, did make an assault upon the person of J. C. Hawkins, and did use violence upon the person of said J. C. Hawkins, and did put the said J. C. Hawkins in fear of life and bodily injury, and you further believe from the evidence, beyond a reasonable doubt, that by said means defendant did then and there fraudulently take from the person and possession of said J. C. Hawkins," etc. Error is assigned upon this part of the charge because it instructed the jury on a state of facts not raised by the evidence, that is, that if they should find that appellant put Hawkins in fear of his life and bodily injury, they should convict. We are of opinion this criticism is correct. The witness did not testify that he was in fear of his life. He did testify that he was knocked down by a lick on the nose or face, and that appellant turned him over and took his money out of his pocket and went away. The court should have confined the consideration of the jury to the question of assault and violence inasmuch as there was no testimony showing the old man was put in fear of his life. Upon another trial the charge of the court should be confined to the facts. It should be observed that charges of the court should only submit the law applicable to a state of facts that are pertinent to the allegations in the indictment. The jury is not authorized to convict on any state of facts not charged in the indictment, nor upon a state of facts not in evidence.

2. There was a bill of exceptions reserved to the cross-examination by the district attorney of defendant who testified in his own behalf. The bill shows the following: "Q. How many times have you been arrested? A. About twice. Q. For what? A. For a drunk. Q. What else? A. For a drunk. Q. Ever have any trouble in Oklahoma; ever arrested? A. No, sir; never was. Q. Never was arrested except in San Antonio? A. Yes, sir. Q. Whereabouts? A. In Dallas and Waco. Q. All right, where else? A. And in Fort Worth. Q. Give me another one; that ain't but four. A. That there's all. Q. That and this place makes four? A. Yes, sir. Q. How many times were you arrested in Dallas? A. Once. Q. For what? A. Fighting.

Q. How many times were you arrested in Ft. Worth? A. Twice. Q. For what? A. For a drunk. Q. Arrested there twice, once for a drunk; what was the other time for? A. For a drunk. Q. What were you arrested for in Waco? A. For fighting." Appellant objected to these questions because the testimony was wholly irrelevant and incompetent either as tending to establish any feature of guilt on the part of defendant pertaining to the charge against him on trial, and wholly illegal and incompetent for the purpose of affecting his credibility as a witness, and no effort was made to prove a conviction for the simplest misdemeanor, and such offenses, if offenses at all, were not infamous or felonious, and such testimony was calculated to and did prejudice the jury against appellant. The court permitted the questions and answers to remain with the jury. We think these exceptions are well taken. This testimony was not admissible against appellant under the circumstances. The offenses, if any, were not such as would show legal or moral turpitude within the contemplation of our law such as would justify same to be used either as original or impeaching testimony. The court limited the evidence to impeachment in his charge, but the testimony was not admissible and ought not to have been permitted to go to the jury for that purpose.

3. There is complaint in motion for new trial that the district attorney read the court's charge to the grand jury, delivered a few days before this trial, in regard to the prevalence of crime in that city, and over defendant's objection, in appealing to the jury to convict for the sake of the prosecuting attorney, and as an example to strangers and visitors, that such would see the severity of punishment in the courts for his, the attorney's sake. Criticism was made of this matter in motion for new trial, but it is in no way verified. It is simply stated as a ground of the motion; there was no bill of exceptions reserved to it, and nothing further than a statement of it as a ground of the motion. It, therefore, can not be considered.

For the matters indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*