L. F. VENZOR v. STATE

No. 27,727. November 2, 1955

*John J. Herrera,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The complaint and information charged that appellant did unlawfully deliver barbiturates to W. L. Kimble.

Upon this allegation appellant, a practicing physician, was found guilty by the jury and assessed a two-year jail term.

W. L. Kimble, a city policeman assigned to the narcotic division, testified that he made visits to appellant's office on three successive days, and on the third visit obtained 24 capsules

which were shown to contain a derivative of barbituric acid which, if taken would produce a hypnotic or somnifacient action.

At the same time appellant delivered to him a second envelope which contained a number of tablets, which the state's expert witness testified contained amphetamine or benzedrine, which is not a derivative of barbituric acid, and would produce an effect opposite to the hypnosis and sedation of barbiturates.

The capsules were delivered in a separate envelope, on the outside of which was written appellant's name and office address, the name Charles Johnson, and the words "Take one capsule one-half hour before bed-time for insomnia, nervousness, seconal one and one-half gram, 24 tablets."

The envelope containing the amphetamine tablets also showed the name and address of appellant and the name Charles Johnson, also the directions "Take one tablet at 10 a.m. and one at 2:30."

The prosecution was under Art. 726c, V.A.P.C., which statute specifically defines the terms "barbiturates," "delivery," "practitioner," "patient" and other terms, as used in the act. None of these definitions were set forth in the court's charge, though appellant timely requested that the terms mentioned be defined, and submitted to the court a charge containing the statutory definitions.

Because of the omission of such definitions, the jury was without guide as to what was meant by these terms as used in the court's charge.

Art. 658 C.C.P. requires that the judge shall deliver to the jury a written charge distinctly setting forth the law applicable to the case.

The charge is deficient for failure of the court to define the terms mentioned.

Under Art. 666, C.C.P., the "judgment shall not be reversed" because of such omission "unless the error . . . was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." Let us see whether such injury is shown.

Appellant was admittedly a practicing physician, licensed as

such by the Texas Board of Medical Examiners of this state. He was therefore admittedly a practitioner, as that term is used in the statute. Yet the jury was not so instructed, nor was the term practitioner defined in the charge.

The record shows that the state relied not only upon the delivery of the capsules containing a barbiturate but upon the delivery at the same time and place of a number of amphetamine tablets.

Amphetamine, according to Article 726b V.A.P.C., is commonly called a barbiturate and its sale is punishable by fine.

The statute under which appellant was tried and assessed a jail term is Art. 726c V.A.P.C., wherein the following definition is found.

"The term 'barbiturate' means the salts and derivatives of barbituric acid, also known as malonyl urea, having hypnotic or somnifacient action, and compounds, preparations and mixtures thereof."

As hereinbefore mentioned, the evidence shows that benzedrine or amphetamine is not a derivative of barbituric acid, and does not have hypnotic or somnifacient action. Yet the jury was not so instructed, leaving them free to use the term barbiturate in its common use and to convict appellant for the sale of amphetamine tablets though he was not charged with such in the complaint and information.

Sec. 8 of Art. 726c reads as follows: "All provisions of this Act shall also apply to amphetamine and desoxyephedrine, or any compound, manufacture mixture, or preparation thereof, except those preparations intended for nasal or other external use."

We need not here pass upon the sufficiency or effect of this provision, leaving that question to be determined in a case where the defendant is charged with delivery of the drug named in Section 8.

Suffice it to say that appellant was charged only with delivery of a barbiturate, and the court, in his charge, should have defined that term as it is defined in Article 726c V.A.P.C., and restricted appellant's conviction to the delivery of that drug.

Under the facts before us, the omission mentioned was error calculated to injure the rights of the defendant, and calls for reversal.

The judgment is reversed and the cause remanded.