PEGGY ANN HARRELL V. STATE.

No. 29,888.   June 18, 1958.

*Buck C. Miller* and *King C. Haynie,* Houston for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Gus J. Zgourides,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The complaint and information under which, in a trial without a jury, appellant was found guilty and assessed sixty days in jail and a fine of $250, reads in its charging part: "* * * Peggy Ann Harrell did then and there unlawfully possess amphetamine."

Art. 726(c) V.A.P.C., Sec. 3(e) makes unlawful the possession of a barbiturate by any person, unless such person obtained the drug under the specific provisions of Section 3a (1) and (2) of said statute, and such person possesses the drug in the container in which it was delivered to him by the pharmacist or practitioner selling or dispensing the same, and provides that any other possession of a barbiturate shall be prima facie evidence of illegal possession.

"Barbiturate" is defined in said Art. 726(c) V.A.P.C.

"Amphetamine" is not included in the definition of barbiturates in said statute nor is it defined in the act, but Section 8 thereof provides: "All provisions of this Act shall also apply to amphetamine and desoxypphedrine, or any compound, manufacture mixture, or preparation thereof, except those preparations intended for nasal or other external use."

There are a number of provisions of Art. 726(c) V.A.P.C. setting forth certain compounds and mixtures to which the act shall not apply, among them being:

"Sec. 4. Nothing in this Act shall apply to a compound, mixture, or preparation containing salts or derivatives of barbituric acid which is sold in good faith for the purpose for which

it is intended and not for the purpose of evading the provisions of this Act if:

"(a)  Such compound, mixture, or preparation contains a sufficient quantity of another drug or drugs, in addition to such salts or derivatives, to cause it to produce an action other than its hypnotic or somnifacient action; or

"(b)  Such compound, mixture, or preparation is intended for use as a spray or gargle or for external application and contains, in addition to such salts or derivatives, some other drug or drugs rendering it unfit for internal administration."

In Venzor v. State, 162 Texas Cr. Rep. 175, 283 S.W. 2d 397, we quoted Section 8 of Art. 726(c) V.A.P.C. and said that we left the question of its sufficiency and effect to be determined where the drugs therein named were charged to have been delivered.

The question is here pertinent, appellant having been convicted for possession of an amphetamine tablet.

Only by interpreting the statute as reading that the possession of amphetamine is unlawful under the same conditions which make possession of barbiturates unlawful, and amphetamine unlawfully possessed is contraband because barbiturates unlawfully possessed are contraband, can this conviction be upheld.

Section 2(a) of the Act defines "barbiturate" as: "the salts and derivatives of barbituric acid, also known as malonyl urea, having hypnotic or somnifacient action, and compounds, preparations and mixtures thereof."

We have then a statute which provides that possession of a barbiturate is prima facie unlawful; that the act shall not apply to a compound, mixture or preparation containing salts or dervatives of barbituric acid sold in good faith which contains a sufficient quantity of another drug or drugs, in addition to such salts or derivatives, to cause it to produce an action other than its hypnotic or somnifacient action.

In the same statute we have Section 8 which says that all of its provisions "shall also apply to amphetamine and desoxyephedrine, or any compound, manufacture mixture, or prepara-

tion thereof, except those intended for nasal or other external use."

We know that amphetamine or benzedrine is not a derivative of barbituric acid, and does not have hypnotic or somnifacient action. Venzor v. State, 162 Texas Cr. Rep. 175, 283 S.W. 2d 397.

In Nesbit v. State, 165 Texas Cr. Rep. 336, 306 S.W. 2d 901, the same chemist who testified here, and whose qualifications were stipulated, testified that the only drug he knew of that would stimulate and prevent the hypnotic effect of barbituric acid would be the amphetamine group.

We see then that a compound or preparation containing both barbiturate and amphetamine would be unlawful under Section 8, while the same preparation might be lawful under Section 4a.

We conclude that Art. 726(c), Section 8, V.A.P.C., insofar as it attempts to make the possession and delivery of amphetamine and desoxyephedrine and compounds thereof unlawful is void for indefiniteness and uncertainty.

The judgment is reversed and the prosecution is ordered dismissed.