**Charles R. DOWDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51124.**

Court of Criminal Appeals of Texas.

April 20, 1976.

Rehearing Denied June 9, 1976.

Marlin Thompson, Orange, for appellant.

Jim Sharon Bearden, Dist. Atty., and Patrick A. Clark, Asst. Dist. Atty., Orange, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for aggravated robbery. Punishment, enhanced under V.T.C.A. Penal Code, Sec. 12.42(d), was assessed at life imprisonment.

It is only necessary to consider the ground of error in which appellant correctly

contends that the trial court's charge upon the guilt or innocence stage of the trial presents reversible error. In paragraph six of said charge, the trial court instructed the jury as follows:

"Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Charles R. Dowden, on or about the 28th day of June, 1974, in the County of Orange, State of Texas, as alleged in the indictment, did then and there and while in the course of committing theft and with the intent to obtain property of Doug Storey, to wit, United States Currency, without the effective consent of said Doug Storey, and with intent to deprive the said Doug Storey of said property, Defendant then and there by using and exhibiting a deadly weapon, to-wit, a gun, intentionally or knowingly, or recklessly, place Doug Storey in fear of imminent bodily injury or death, you will find the defendant guilty of the offense of aggravated robbery and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'Not Guilty.'"

In timely filed written objections[1] to the court's charge, appellant objected to the use of the word "recklessly" in this portion of the charge.[2] The overruling of this objection presents reversible error in that the charge authorized the jury to find appellant guilty of aggravated robbery for conduct that does not constitute such offense under V.T.C.A. Penal Code, Secs. 29.02 and 29.03.

Section 29.03 provides that a person commits aggravated robbery if he commits robbery as defined in Sec. 29.02 and uses or exhibits a deadly weapon. Sec. 29.02 provides:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

The statutes do not authorize a conviction for robbery if the proof only shows that a person *recklessly* placed another in fear of imminent bodily injury or death, and yet the court's charge here authorized a finding of guilt upon precisely that finding.

It is fundamental that a conviction for an offense cannot stand unless the charge authorized the jury to find a defendant guilty only for conduct constituting that offense (*Venzor v. State*, 162 Tex.Cr.R. 175, 283 S.W.2d 397); the indictment alleged such conduct (*Venzor v. State*, supra; 31 Tex. Jur.2d, Sec. 69 at 596); and the evidence at trial showed such conduct (*Powell v. State*, 60 Tex.Cr.R. 201, 131 S.W. 590; 5 Branch's Ann.P.C. (2d ed.), Sec. 2603 at 32). In the instant case none of these requirements of due process of law were met because the trial court authorized the jury to find appellant guilty upon a set of circumstances that could not constitute the offense charged.

---

1. The language in Art. 36.19, V.A.C.C.P., relied upon in the dissent was enacted in 1897 and again in 1913. The emergency clause in the 1913 Act reads:

"The fact that there are many reversals in criminal cases caused by errors in the charge of the court due to the fact that such errors were not pointed out to the trial judge before the charge was given and the further fact that the docket of the Court of Criminal Appeals is daily becoming crowded with cases many of which contain such errors, creates an emergency and an imperative public necessity [etc.] . . . ." Acts 1913, p. 278, at 279.

Other sections of the Act provided that objections must be in writing, which had not been required before that time. This tells us that the language in Art. 36.19, upon which the dissent relies, referring to a requirement having been disregarded, refers to those cases in which the defendant disregarded the requirement of written objections. The dissent's reliance on that article is misplaced. See, e. g., *Echols v. State*, 75 Tex.Cr.R. 369, 170 S.W. 786, 792 (1914).

2. In *Williams v. State*, Tex.Cr.App., 535 S.W.2d 352 (1976), Article 36.19, V.A.C.C.P., was given application because there was not proper objection to the charge. In the instant case there was proper objection.

Accordingly, the judgment must be reversed.

■ Appellant also complains that in the first two paragraphs of the charge the court quoted the entirety of V.T.C.A. Penal Code, Secs. 29.01 and 29.02, including portions thereof that were neither pled in the indictment nor supported by the proof at trial. This practice at best is useless and at worst may confuse and mislead the jury and, therefore, prejudice a defendant. This Court in the past has had occasion to caution against the enumeration in the charge of portions of a statute that could not be relied upon for a conviction. E. g., *Griffith v. State*, 142 Tex.Cr.R. 559, 155 S.W.2d 612; see *Grudzien v. State*, Tex.Cr.App., 493 S.W.2d 827; *Simons v. State*, Tex.Cr.App., 34 S.W. 619; cf. *Mauldin v. State*, Tex.Cr. App., 463 S.W.2d 10. We reiterate that admonition.

The judgment is reversed and the cause is remanded.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction because the court instructed the jury that it could find appellant guilty of robbery if it found that he used a gun and "intentionally or knowingly, or *recklessly*, place Doug Storey in fear of imminent bodily injury or death. . . ." The Legislature has provided that this Court should not reverse for errors in a charge to the jury unless the error was calculated to injure the appellant. See Article 36.19, V.A.C.C.P., which provides, in part, that where the requirements of Articles 36.14, 36.15 and 36.16, V.A.C. C.P., relating to court's charge have been disregarded ". . . [t]he judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial . . .", and the cases there cited.

Let us look at the evidence in the present case to see if reversible error was committed. Douglas Lee Storey, an employee of Lynn's Sak-N-Pak Store in Orange, testified that a man came into the store after midnight and had on a mask or a stocking and stated, "Everyone this is a holdup," and he pointed what looked to him to be a large gun and made some three people who were in the store get near Storey. The man turned and asked Storey for all the money that he had in the store and said that he knew where every bit of it was because he had been watching them some time before. He told them that he did not care what they did after the robbery after he left because he was dying of cancer but he said that he would shoot them if they followed him out of the door and that the man took over a thousand dollars in cash. While the robbery was in progress Storey pushed an alarm button and as the robber left the store one of the officers who was waiting outside said, "Freeze." The man, later shown to be appellant, reached for his back right pocket but he was rushed, arrested and handcuffed. A loaded .38 caliber revolver was found in his right rear pocket. The stocking mask was taken off his face and the money taken from the store was found in the bag in his hand. Deborah Broussard, another employee of the store, testified that she was in the store at the time and a customer said, "You are all fixing to get robbed"; that the man came in and told them it was a robbery, it was a hold up and to give him the money; that he had a stocking cap over his head. The man said that he had been watching them for days and knew where everything was; that the man told them "to keep your hands up."

Four officers testified about apprehending appellant who had a loaded .38 caliber special revolver with the stocking mask over his face and with the money in a brown paper bag as he came out of the store.

At the guilt stage of the trial the docket sheet shows that the jury deliberated twenty minutes before finding appellant guilty.

The evidence in this case shows that the robbery was premeditated, deliberate, intentional and with malice aforethought. The charge that the appellant could have recklessly placed Storey in fear of his life

should not have been given. However, one cannot be said to recklessly place another in fear of his life when he deliberately does so. There is no way that any jury could have been misled under the facts of this case by the charge given by the trial judge. No reversible error has been shown.

The judgment should be affirmed.