**Willard James MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51140.**

Court of Criminal Appeals of Texas.

Dec. 1, 1976.

---

Sam A. Maida, Houston, for appellant.

Carol S. Vance, Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of aggravated assault; the punishment is imprisonment for 4 years.

The appellant was charged with the offense of aggravated robbery. The allegations for enhancement of punishment were abandoned and the appellant entered a plea of guilty to the offense of aggravated assault.

We have reviewed this appeal in the interest of justice as required by Article 40.-09, Sec. 13, V.A.C.C.P., and reverse the judgment because the evidence does not support a conviction for an aggravated assault that is a lesser included offense of the offense charged.

Article 37.09, V.A.C.C.P. provides:

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;"

The indictment in the instant case drawn under the provisions of V.T.C.A. Penal Code, Secs. 29.02(a)(2), and 29.03(a)(2), in pertinent part, alleges that the appellant:

". . . did then and there unlawfully while in the course of committing theft of money, owned by Serafin Calo, hereafter styled the Complainant, and with intent to obtain and maintain control of the property intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a chain . . ."

The only aggravated assault that is a lesser included offense to the offense charged in the indictment is aggravated assault committed by intentionally and knowingly threatening Serafin Calo with imminent bodily injury by using a deadly weapon. See V.T.C.A. Penal Code, Secs. 22.01(a)(2), and 22.02(a)(3).

The only evidence offered to prove the included offense was the stipulation of the appellant that "I did intentionally and knowingly cause serious bodily injury to Serafin Calo." This stipulation is evidence of an aggravated assault, V.T.C.A. Penal Code, Secs. 22.01(a)(1), and 22.02(a)(1); however, this stipulation is not evidence of an aggravated assault included within the offense charged in the indictment.

In order to sustain a conviction for aggravated assault as a lesser included offense to the robbery charged in this indictment, the stipulation should have been that "I did intentionally and knowingly threaten Serafin Calo with imminent bodily injury by using a deadly weapon."

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

ODOM, Judge (concurring).

I concur in the majority's reasoning and disposition, but take this opportunity to express a second reason that dictates reversal.

It is well established that upon trial by jury, if the charge authorizes conviction under a theory not supported by the indictment, reversal will follow. E. g. *Ross v. State,* Tex.Cr.App., 487 S.W.2d 744; *Dowden v. State,* Tex.Cr.App., 537 S.W.2d 5. It follows that a conviction based solely upon a theory not supported by the indictment must fall. Such was the case here, as demonstrated by the facts set out in the majority opinion.

With these remarks, I join the majority.