**Charlie LONG, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52615.**

Court of Criminal Appeals of Texas.

April 6, 1977.

Douglas R. Bergen, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Raymond C. Matkin, Lynn W. Malone, Asst. Dist. Attys., Waco, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a trial before a jury appellant was convicted of theft of property of the value of $200.00 or over and less than $10,000.00. Punishment was assessed at eight years.

The indictment, in its pertinent part, alleged that appellant, on or about February 6, 1975, in McLennan County:

"   .   .   did then and there unlawfully obtain and exercise control over property, to-wit: one Michelin truck tire of the value of $200.00 or more but less than $10,000.00, from Max Taylor without the effective consent of such owner, Max Taylor and with the intent to deprive the said owner of the property, against the peace and dignity of the State."

Appellant initially complains of the failure of the court to sustain his motion to dismiss the indictment because it does not allege that he obtained the property "knowing it was stolen."

V.T.C.A. Penal Code, Sec. 31.03, as same was in effect at the time of the offense, provided:

"V.T.C.A. 31.03.   Theft

"(a) A person commits an offense if, with intent to deprive the owner of property:

"(1) he obtains the property unlawfully; or

"(2) he exercises control over the property, other than real property, unlawfully.

"(b) Obtaining or exercising control over property is unlawful if:

"(1) the actor obtains or exercises control over the property without the owner's effective consent; or

"(2) the property is stolen and the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen."

The indictment alleges each element of theft provided in V.T.C.A., Sec. 31.03, Subsections (a)(1), (a)(2), and (b)(1), tracking the statute in that respect, and the motion to dismiss was properly overruled. See *Ex parte Cannon*, Tex.Cr.App., 546 S.W.2d 266, (Opinion on rehearing delivered Nov. 10, 1976).

However, the court did not submit the case to the jury under the provisions of Sec. 31.03, subsections (a)(1)(b)(1) or (a)(2)(b)(1). Instead, the court instructed the jury on the law as set forth in subsections (a)(1)(b)(2) and (a)(2)(b)(2), *supra*. Any allegation of either combination of (a)(1) or (a)(2) with (b)(2), *supra*, purports to allege in substance what formerly, under the prior Penal Code, constituted the offense of receiving stolen property. See Art. 1430, V.A.P.C. We quote as follows from the portion of the charge instructing the jury on the law of the case:

"Our Law provides that a person commits the offense of theft if, with intent to deprive the owner of corporeal personal property, he exercises control over the property of such owner knowing that the property is stolen or that the actor obtained it from another or exercises control over the property obtained by another knowing it was stolen."

Next, after defining the terms "effective consent," "deprive," "possession" and "val-ue," the court applied the law to the evidence as follows:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 6th day of February, 1975 in McLennan County, Texas the defendant, Charlie Long, Jr., did then and there unlawfully obtain and exercise control over property, to-wit: one Michelin truck tire of the value of $200.00 or more but less than $10,000.00 knowing said property to be stolen and with the intent to deprive the owner, Max Taylor, of said property, then you will find the defendant guilty as charged in the indictment.

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant."

Neither in its statement of the law nor in its application of the law to the evidence does the charge include the necessary element of the form of theft alleged in the indictment of "without the effective consent of the owner." See and compare *Reynolds v. State*, Tex.Cr.App., 547 S.W.2d 590 (1976); V.T.C.A. Penal Code, Sec. 31.-03(b)(1), *supra*.

In our opinion on rehearing in *Ex parte Cannon, supra*, we stated:

"Our new Penal Code consolidated virtually all theft offenses into a single offense. Section 31.02 of the new Code provides for this consolidation, while subsections (a) and (b) of Section 31.03 define the different ways theft may be committed. A reading of these provisions of Section 31.03 makes it clear that there are four ways to commit theft: (1) by obtaining property without the owner's effective consent under subsections (a)(1) and (b)(1); (2) by obtaining property from another knowing it to be stolen under subsections (a)(1) and (b)(2); (3) by exercising control over property, other than real property, without the owner's effective consent under subsections (a)(2) and (b)(1); and (4) by exercising control over property, other than real property, obtained by another, knowing it to be stolen under subsections (a)(2) and (b)(2).

"Thus, the offense of theft has four different sets of possible elements: . ."

In a prosecution under subsections (a)(1)(b)(2) of Section 31.03, the necessary elements which must be alleged and proved are (1) a person (2) with intent to deprive the owner of property (3) obtains the property (4) which is stolen property (5) from another (6) knowing it was stolen. The necessary elements under subsection (a)(2)(b)(2) are the same except that (3) would be that he exercises control over the property, other than real property. *Ex parte Cannon, supra.* There we stated further:

"Nor did the indictment allege that the property was stolen or that the appellant knew the property was stolen. Moreover, the indictment did not allege either that the appellant obtained the property *from* another or that he exercised control over the property, other than real property, obtained *by* another. *These are essential elements of theft under subsection (b)(2), see Pool v. State, 528 S.W.2d 255 (Tex.Cr. App.1975), and are required to be alleged in an indictment alleging either of the methods of committing theft under this subsection.* Art. 21.03, supra." (Emphasis added)

█ In the instant case, essential elements (4), (5) and (6), *supra,* of the offense of theft under subsection (b)(2), *supra,* were not alleged in the indictment, although only the form of theft provided in that subsection was submitted to the jury. Thus, the theory of theft of which the jury was authorized to convict appellant was not supported by this indictment.

█ It is well established that upon a trial by jury, if the charge authorizes conviction upon a theory not supported by the indictment, fundamental error is committed. See *Ross v. State,* 487 S.W.2d 744 and cases cited; *Dowden v. State,* 537 S.W.2d 5. We quote as follows from *Ross v. State, supra*:

"The jury was not charged on the theory of burglary alleged in the indictment, that it was committed by force, threats,

fraud, or breaking and entering, but only authorized the appellant's conviction if the appellant 'did then and there enter a house then and there occupied and controlled by M. J. Sparks at night or in any manner enter a house then and there occupied and controlled by M. J. Sparks at any time, either day or night, and remain concealed therein with the intent in either case, then and there to fraudulently take therefrom corporeal personal property therein being and then belonging to the said M. J. Sparks . . .'

"[1] The charge erroneously authorized the appellant's conviction under a theory not charged in the indictment. (*Gooden v. State,* 140 Tex.Cr.R. 347, 145 S.W.2d 177 (1940); *Sullivan v. State,* 13 Tex.App. 462 (1883); *Weeks v. State,* 13 Tex.App. 466 (1883) and *Powell v. State,* 12 Tex. App. 238 (1882). *Even though there was no objection to the charge at the time of trial, the error was fundamental and calculated to injure the rights of the appellant to the extent that he has not had a fair and impartial trial.* See Article 36.-19, Vernon's Ann.C.C.P.; *Fennell v. State,* 424 S.W.2d 631 (Tex.Cr.App.1968) and *Garza v. State,* 162 Tex.Cr.R. 655, 288 S.W.2d 785 (1956)." (Emphasis added)

In *Dowden v. State, supra,* we stated: "It is fundamental that a conviction for an offense cannot stand unless the charge authorized the jury to find a defendant guilty only for conduct constituting that offense (*Venzor v. State,* 162 Tex.Cr.R. 175, 283 S.W.2d 397); *the indictment alleged such conduct* (*Venzor v. State, supra;* 31 Tex.Jur.2d, Sec. 69 at 596); and the evidence at trial showed such conduct (*Powell v. State,* 60 Tex.Cr.R. 201, 131 S.W. 590; 5 Branch's Ann.P.C. (2d ed.), Sec. 2603 at 32). In the instant case none of these requirements of due process of law were met because the trial court authorized the jury to find appellant guilty upon a set of circumstances that could not constitute the offense charged. Accordingly, the judgment must be reversed." (Emphasis added).

In the instant case, the court submitted the case to the jury on a theory not charged in the indictment.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

DOUGLAS, Judge, dissenting.

The majority reverses this conviction on what it considers an error in the court's charge to the jury when there has been no contention that there was such an error.

V.T.C.A., Penal Code, Section 31.03, Theft, provides, in pertinent part, as follows:

"(a) A person commits an offense if, with intent to deprive the owner of property;

" * * *

"(2) he exercises control over the property, other than real property, unlawfully."

The court, in this case, instructed the jury under the terms of that part of the theft statute just cited when he instructed the jury as follows:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 6th day of February, 1975 in McLennan County, Texas the defendant, Charlie Long, Jr., did then and there unlawfully obtain and exercise control over property, to-wit: one Michelin truck tire of the value of $200.00 or more but less than $10,000.00 knowing said property to be stolen and with the intent to deprive the owner, Max Taylor, of said property, then you will find the defendant guilty as charged in the indictment.

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant."

In this case appellant was charged correctly in the indictment. The court charged that part of the statute and this is all that should be required. Under the terms of the statute it makes no difference who stole the property. All it requires is that the accused unlawfully exercised control of stolen property.

The majority should realize by now that Article 1430 of the former penal code has been repealed and should limit its holding to the present penal code.

V.T.C.A., Penal Code, Section 31.02, Consolidation of Theft Offenses, is as follows:

"Theft as defined in Section 31.03 of this code constitutes a single offense superseding the separate offenses previously known as theft, theft by false pretext, conversion by a bailee, theft from the person, shoplifting, acquisition of property by threat, swindling, swindling by worthless check, embezzlement, extortion, receiving or concealing embezzled property, and receiving or concealing stolen property."

The practice commentary is as follows:

"No part of the old Penal Code produced more confusion, more appellate litigation, and more reversals on technicalities unrelated to the actor's guilt or innocence than the multitude of offenses proscribing criminal acquisitions of another's property. Although the theft offenses attempted to separate guilty from innocent acquisitions, they did so clumsily, and their effect all too often was to embroil the courts in nice questions about the appropriateness of conviction under one offense label as opposed to another. The distinctions between the various offenses were unnecessary for establishing the point at which acquisitive conduct becomes criminal—that can be done generally—and they provided no rational basis for penalty determinations or for the provision of defenses; they did, however, place unnecessary obstacles before the conviction of the guilty.

"For this reason in the new code most of the theft offenses are consolidated into a single, comprehensive offense aimed at the harm that accompanies the acquisitive conduct, however, and acquisition is accomplished. *Section 31.02 serves merely to explain and emphasize the intent of the theft section: theft is a single offense with a uniform culpable mental state, a*

*uniform result, uniform penalties, and uniform defenses, all of which focus on culpability rather than, as under prior law, whether the state is pursuing the defendant under the appropriate offense label."* (Emphasis added)

We have a new penal code. The trial judge followed it in this case. There is no more appropriate time than now to disregard the former penal code especially when it does not apply. Just because something has been done for over a hundred years does not mean that it should be followed when the statute upon which it was based has been repealed.

The judgment should be affirmed.