Thomas Walter SHAW, Appellant,

v.

The STATE of Texas, Appellee.

No. 53783.

Court of Criminal Appeals of Texas.

Nov. 2, 1977.

Joe Bob Golden, Jasper, for appellant.

Bill A. Martin, Dist. Atty. and Monte D. Lawlis, Asst. Dist. Atty., Jasper, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury appellant was convicted of burglary of a building. V.T.C.A. Penal Code, Sec. 30.02. Punishment was assessed at twenty years and a fine of ten thousand dollars.

A review of the appellate record discloses fundamental error in the court's charge to the jury at the guilt stage, which error we should consider in the interest of justice. See Art. 40.09, Sec. 13, V.A.C.C.P.; *Harris*

*v. State,* Tex.Cr.App., 522 S.W.2d 199; *Morter v. State,* Tex.Cr.App., 551 S.W.2d 715; *Peoples v. State,* 548 S.W.2d 893; *Windham v. State,* Tex.Cr.App., 530 S.W.2d 111.

The indictment charged that on or about June 23, 1975, in Jasper County, Texas, appellant

"did then and there enter a building without the effective consent of George Gee, the owner, and therein *attempted to commit and committed theft . . . .*" (Emphasis added).

V.T.C.A. Penal Code, Sec. 30.02, Burglary, provides in its pertinent parts:

"(a) a person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or

"(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

"(3) enters a building or habitation and commits or attempts to commit a felony or theft."

From the above, it is clear that Section 30.02(a), supra, provides for three separate ways in which the offense of burglary may be committed. See, for comparison, *Ex parte Cannon,* opinion on motion for rehearing, Tex.Cr.App., 546 S.W.2d 266, at p. 271, et seq. The indictment charged appellant with burglary as the offense is provided for in 30.02(a)(3), supra. However, in its jury charge, after stating the provisions of Section 30.02(a)(1), (2), and (3), supra, and giving the definitions of certain terms used in that section, the court applied only the law as stated in (a)(1), supra, to the evidence, as follows:

"Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant Thomas Walter Shaw, on or about the 23rd day of June, 1975, in the County of Jasper, and State of Texas, as alleged in the indictment, did then and

there without the effective consent of George Gee, the owner thereof, enter a building not then and there open to the public, with intent to commit theft, to wit: with intent then and there to obtain property unlawfully from George Gee, without the effective consent of George Gee the owner of said property, and with intent to deprive the said owner of said property, you will find the defendant guilty of the offense of burglary and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'Not Guilty.' "

In *Morter v. State,* supra, the trial court, in applying the law to the facts, allowed the jury to convict if it found that the defendant committed other conduct proscribed by the applicable statute but not alleged in the indictment. In holding this to be fundamental error for which the judgment must be reversed, this Court quoted from *Dowden v. State,* Tex.Cr.App., 537 S.W.2d 5, as follows:

" 'It is fundamental that a conviction for an offense cannot stand unless the charge authorized the jury to find a defendant guilty only for conduct constituting that offense (citation); *the indictment alleged such conduct* (citations); and the evidence at trial showed such conduct (citations).' (Emphasis added)."

See also *Peoples v. State,* supra; *Long v. State,* Tex.Cr.App., 548 S.W.2d 897; *Ross v. State,* Tex.Cr.App., 487 S.W.2d 744.

 A charge is fundamentally defective if it erroneously authorizes a conviction only on a theory not charged in the indictment. *Morter v. State,* supra; *Peoples v. State,* supra; *Long v. State,* supra; *Ross v. State,* supra. Although the indictment alleged burglary as provided for in subsection (a)(3) of Section 30.02, supra, the charge did not apply the law of that subsection to the facts; instead, it applied the law as provided in subsection (a)(1), supra, providing for a form of burglary not alleged in the indictment. It thus authorized a conviction only on a theory of burglary not alleged. As a result, fundamental error is presented for which the judgment must be reversed and the case remanded. *Mitchell v. State,* Tex. Cr.App., 543 S.W.2d 637; *Davis v. State,* Tex.Cr.App., 557 S.W.2d 303 (1977).

It is so ordered.

Opinion approved by the Court.

DOUGLAS, Judge, dissenting.

The conviction should be affirmed. The proof shows that the appellant entered the building and committed theft. The indictment alleged that appellant "did then and there enter a building without the effective consent of George Gee, the owner, and therein attempted to commit and committed theft. . . ."

The court instructed the jury that if appellant entered the building with intent to commit theft to find him guilty of burglary, otherwise to find him not guilty.

There was no objection to the charge. The indictment alleging "attempted to commit and committed theft" included "intent to commit theft" which was the basis of the court's instruction to the jury.

The evidence shows that appellant was caught by the officers while he was in the process of committing the burglary.

Article 36.19, V.A.C.C.P., provides that if there is error in the instruction in the charge the conviction should not be reversed unless the error was calculated to injure the rights of a defendant. There was no such injury in the present case.