**John L. HAWKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57662.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 14, 1979.

---

Douglas R. Bergen, Waco, for appellant.

Felipe Reyna, Dist. Atty. and Karen Cable, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for aggravated robbery. The punishment was assessed at life imprisonment.

At the outset we note fundamental error which we shall review in the interest of justice. See Article 40.09(13), V.A.C.C.P. The indictment of the appellant in the instant cause reads in pertinent part as follows:

. . . John L. Hawkins . . . , on or about the 17th day of January A.D. 1976, and before the presentment of this indictment, in the County and State aforesaid, did then and there while in the course of committing theft and with intent to obtain and maintain control of property of Gerry W. Moore, to-wit: United States Monies, without the effective consent of the said Gerry W. Moore, and with intent to deprive the said Gerry W. Moore of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a firearm intentionally and knowingly threaten and place Gerry W. Moore in fear of imminent bodily injury and death, . . .

The trial court provided the jury with the definition of recklessness as provided in V.T.C.A., Penal Code, Section 6.03(c), although not alleged in the indictment. In applying the law of this State to the facts of this cause, the trial court instructed the jury as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 17th day of January, 1976 in McLennan County, Texas, the defendant, John L. Hawkins, did without the effective consent of Gerry W. Moore, the owner, take and exercise control over the corporeal personal property of Gerry W. Moore, to-wit: United States Monies, from the possession of Gerry W. Moore, with intent then and there to deprive Gerry W. Moore of said United States Monies, and that said defendant, in so doing, and with intent to acquire and maintain control of said United States Monies, intentionally, knowingly, or *recklessly* threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the defendant used or exhibited a deadly weapon, to-wit: A firearm, then you will find the defendant guilty of aggravated robbery, as charged in the indictment.

(Emphasis added)

As can be seen, the trial court in instructing the jury provided an alternative mens rea as a basis for appellant's culpability for the charge of aggravated robbery although it was not expressly alleged in the indictment. Such an error has been considered fundamental in that it is calculated to injure the rights of the defendant and calls for a reversal regardless of whether objections are lodged against the error at trial or it is expressly brought to our attention as a ground of error on appeal. See Article 36.19, V.A.C.C.P.; *Dowden v. State*, Tex.Cr.

App., 537 S.W.2d 5.[1] In fact, V.T.C.A., Penal Code, Section 29.02 does not provide for any robbery offense involving the reckless threatening or placing of another in fear of imminent bodily injury or death.[2] Thus, the jury was authorized under this erroneous instruction to convict the appellant of a nonexistent offense under the laws of this State. See generally *Garza v. State*, 162 Tex.Cr.R. 655, 288 S.W.2d 785(2); *Robinson v. State*, Tex.Cr.App., 553 S.W.2d 371; *Davis v. State*, Tex.Cr.App., 557 S.W.2d 303; *Shaw v. State*, Tex.Cr.App., 557 S.W.2d 305.

For future guidance in this area of the law, the bench and bar should refer to the following sources:

8 Texas Criminal Forms (8th Ed) by Morrison and Blackwell, Sections 99.01 *and* 99.02, pages 365 to 372;

2 Branch's Penal Code (3d Ed), Sections 29.02, page 306–307 *and* 29.03 (1978 Supplement), page 42; and

Texas Criminal Pattern Jury Charges (1975), State Bar of Texas, CPJC 29.-02(a)(1), 29.02(a)(2), 29.03(a)(1), and 29.-03(a)(2), pages 274 to 287.

Error in applying the law to the facts can be avoided by scrupulous attention to the allegations in the indictment and ensuring that the charge in no way expands on those allegations. The application of the law to the facts is controlled by the indictment, not the evidence. Contra McClung Jury Charges for Texas Criminal Practice (1979), Chapter 29, pages 94–98.

For the foregoing reason, the judgment of conviction is reversed and the cause remanded.

---

1. As written in *Dowden*:

It is fundamental that a conviction for an offense cannot stand unless the charge authorized the jury to find a defendant guilty only for conduct constituting that offense (*Venzor v. State*, 162 Tex.Cr.R. 175, 283 S.W.2d 397); the indictment alleged such conduct (*Venzor v. State*, supra; 31 Tex. Jur.2d, Sec. 69 at 596); and the evidence at trial showed such conduct (*Powell v. State*, 60 Tex.Cr.R. 201, 131 S.W. 590; 5 Branch's Ann.P.C. (2d ed.), Sec. 2603 at 32). . . . *Id.* at 6.

The principle is the same with or without a timely trial objection because of its "fundamental" nature. *Davis v. State*, supra.

2. V.T.C.A., Penal Code Section 29.02(a) reads as follows:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

The instant indictment charged appellant under Section 29.02(a)(2).