**Joe LOPEZ, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–132–CR.**

Court of Appeals of Texas, Fort Worth.

April 29, 1982.

Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for State.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of burglary of a habitation. Punishment was assessed by the jury at twenty years confinement in the Texas Department of Corrections.

We affirm.

Appellant has asserted twelve grounds of error on appeal. Grounds of error one, two, three and seven relate to appellant's motion to quash the indictment.

The indictment in this cause alleges:

JOE LOPEZ JR hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 30th day of JULY 1979, did THEN AND THERE INTENTIONALLY AND KNOWINGLY, WITHOUT THE EFFECTIVE CONSENT OF E. D. NEEDHAM, THE OWNER THEREOF, ENTER A HABITATION AND DID ATTEMPT TO COMMIT AND COMMIT THEFT.

The specific assertions of error are that: 1) the indictment fails to allege how the entry was made; 2) the indictment fails to specify the type of owner upon which the State based its case; 3) the indictment fails to specify the type of habitation upon which the State based its case; and 4) the indictment fails to state the offense it alleges was attempted. There is no merit in any of these grounds of error.

■ Grounds of error one, two and three are disposed of by *Nichols v. State*, 494 S.W.2d 830 (Tex.Cr.App.1973). That case involved a conviction of burglary of a habitation, and was returned under a statute antecedent to V.T.C.A., Penal Article 30.-02(a). In disposing of the asserted errors in the indictment in that case, not unlike the ones before us in this case, the Texas Court of Criminal Appeals, *idem* at page 833, held:

The appellant argues the indictment should allege: 'What type of house was involved; where such house was located;

and where any alleged force was applied; where or in what manner any alleged breaking or entering occurred; what was broken; what was entered; how it was entered; the nature and type of any personal property; the value, if any, of any personal property; and when any alleged burglary occurred, that is, whether it was in the daytime or in the nighttime.' These are matters of evidence and need not be alleged. The allegations of the indictment are sufficient.

See, also, *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1980).

Ground of error seven concerns the failure of the indictment to state the offense it alleges was *attempted*. A clear reading of the indictment reveals that the *attempt* element of the indictment related to theft, not some unspecified felony. Grounds of error one, two, three and seven are overruled.

■ By ground of error four, appellant complains that the trial court erred in restricting the direct examination of appellant's wife during the punishment phase of the trial regarding the appellant's character as a father. We disagree.

This portion of the record on appeal is pertinent to this ground of error:

BY MR. MOLINA (Attorney for the Appellant):

Q. Y'all have any children?

A. Two.

Q. How old is the oldest (sic) child?

A. Three.

Q. And what's that child's name?

A. Danny Varela.

Q. Danny Varela is your child—Joe's not the father is he?

A. No, he's not.

Q. Has—

A. He's raised him, you know, as his own son.

Q. Has Joe accepted him as his own son?

A. Yes.

MR. MACKEY (The Prosecutor): Your Honor, we're going to object at this time as to the relevancy to this line of questioning.

THE COURT: Sustained.

Q. You say you have another child. How old is that child?

MR. MACKEY: Same objection, Your Honor.

THE COURT: I'll permit her to answer how many children she has. Go ahead.

At no time was appellant asked whether he was providing support for his dependents, which would have been relevant on the issue of eligibility for probation. There is no indication in the record on appeal that he was denied the right to elicit testimony of this nature. Ground of error four is overruled.

By his grounds of error five and six, appellant urges that his conviction is invalid in that the trial court's instructions to the jury: 1) authorized it to act on either of two methods of comitting burglary when only one method was alleged in the indictment; and 2) were fatally defective in that such instructions failed to define the law under which appellant was prosecuted. We disagree.

No objections were made to the charge. Thus we must determine whether the charge, as given, contained a fundamental error. *Harris v. State*, 522 S.W.2d 199 (Tex. Cr.App.1975).

■ The pertinent provisions of the court's charge are as follows:

The defendant, Joe Lopez, Jr., stands charged by indictment with the offense of burglary of a habitation with intent to commit theft and did commit theft, alleged to have been committed in Tarrant County, Texas, on or about the 30th day of July, 1979. The defendant has pleaded not guilty.

Our law provides that a person commits an offense if, without the effective consent of the owner, he enters a habitation with intent to commit a felony or any theft.

. . . . .

In this case, the indictment having charged that the burglarious entry, if any, was made with intent to commit the crime of theft, before you would be warranted in finding the defendant guilty, you must be satisfied from the evidence beyond a reasonable doubt that the entry, if any, was so made with intent to commit the specific crime of theft.

. . . . .

Now if you find from the evidence beyond a reasonable doubt that in Tarrant County, Texas, on or about the 30th day of July, 1979, the defendant, Joe Lopez, Jr., did then and there intentionally or knowingly, without the effective consent of E. D. Needham, the owner thereof, enter a habitation and did attempt to commit theft or commit theft, you will find the defendant guilty.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.

Art. 30.02(a), *supra*, provides for three ways in which the offense of burglary can be committed. The indictment in this cause charged appellant with the offense of burglary as provided in Art. 30.02(a)(3) *supra.* *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App. 1976).

Admittedly, there is a discrepancy between the general instructions given and that part of the charge applying the law to the evidence, but in applying the law to the evidence, the trial court clearly and definitely allowed the jury to convict only for the offense charged in the indictment. This case, therefore, is unlike *Shaw v. State*, 557 S.W.2d 305 (Tex.Cr.App.1977) where the indictment alleged an offense under Art. 30.-02(a)(3), *supra*, but the court's charge allowed conviction for the offense provided under Art. 30.02(a)(1), *supra*. Moreover, that portion of the charge relating to entry with the specific intent to commit theft (given prior to the charge tracking the indictment) imposed a greater burden of proof on the State than necessary. We find no fundamental error in the court's charge. Grounds of error five and six are overruled.

■ Appellant's final five grounds of error, eight through twelve, presented collectively in his brief, are as follows:

8. THE TRIAL COURT ERRED IN FAILING TO GRANT A MISTRIAL UPON THE TIMELY MOTION OF THE APPELLANT AFTER TESTIMONY REGARDING AN EXTRANEOUS OFFENSE THE WITNESS GAINED KNOWLEDGE OF THE NIGHT PRIOR TO THIS OFFENSE.

9. THE TRIAL COURT ERRED IN FAILING TO GRANT A MISTRIAL UPON THE TIMELY MOTION OF THE APPELLANT AFTER TESTIMONY THAT THE APPELLANT HAD ACCEPTED A CHECK FOR STOLEN PROPERTY ON PREVIOUS OCCASIONS.

10. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S TIMELY OBJECTION TO TESTIMONY THAT THE APPELLANT HAD BEEN AT THE UNDERCOVER FENCING OPERATION PRIOR TO THIS INCIDENT THEREBY INDICATING TO THE JURY THE APPELLANT HAD COMMITTED OTHER OFFENSES.

11. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S TIMELY OBJECTION DURING THE FINAL ARGUMENTS AT THE GUILT/INNOCENCE STAGE OF THE TRIAL TO THE PROSECUTOR'S INDIRECT REFERENCES TO EXTRANEOUS OFFENSES COMMITTED BY THE APPELLANT.

12. THIS CONVICTION IS INVALID BECAUSE OF THE CONCERTED EFFORTS OF THE PROSECUTOR TO INJECT TESTIMONY AND ARGUMENTS INTO THIS CAUSE REGARDING EXTRANEOUS OFFENSES AND SUCH EFFORTS AMOUNTED TO PROSECUTORIAL MISCONDUCT.

Fort Worth Police Officer E. W. Geeslin was working as an undercover fence operating the F & C Salvage Company on the Mansfield Highway on the afternoon of July 30, 1979. He was asked what occurred at 1:55 p. m. that day. He replied that the Defendant entered the place of business. He was asked if he had ever seen him before. He replied yes he had. When asked how many times before that date, he said approximately ten. He did not say where, he did not say under what circumstances and he did not make any implication at all. He answered a direct question. There was no objection to the question or the answer.

Geeslin related that the appellant told him that he had tried to "get hold" of him the night before, and that he had some "merchandise" that he would like to sell. At that point the appellant objected and was sustained. He requested the court to instruct the jury to disregard the question and answer by the witness, and the court did. Appellant's request for a mistrial was overruled. The instruction he requested from the court to the jury was granted and should have rendered harmless any implication that Geeslin was referring to any other merchandise than that appellant had brought with him. Geeslin did not refer to any offense not alleged in the indictment.

Quoting from *White v. State*, 444 S.W.2d 921 (Tex.Cr.App.1969), in *Carey v. State*, 537 S.W.2d 757 (Tex.Cr.App.1976) the court had this to say:

"An error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds."

▮ The appellant had lost a business card that Geeslin had previously given him and asked for another (testimony given by Geeslin under direct examination). No objection was made to this testimony and thus no error was preserved. *Esquivel v. State*, 595 S.W.2d 516 (Tex.Cr.App.1980).

■ Appellant took the stand at the punishment stage of the hearing and testified that he had committed the burglary, that he was the person seen on the video screen and that it was his voice recorded in the Salvage Company office. All of this had been seen by the jury. He had talked with both officers in the film and admitted it. It was thus not improper for the prosecutor to ask "you knew the first officer, E. W. Geeslin as you went in there." The prosecutor and the jury had seen on film the casual ease of the appellant as he entered the salvage company office, greeted Geeslin and made himself at home by opening a beer and sitting down to bargain for the sale of his goods. He opened the door to the question asked. Appellant had asked for another business card and complained at the outset of not having the phone number of Geeslin. When relating their conversation at the bargaining process, Geeslin stated in response to the prosecutor's question that appellant had asked for four hundred dollars for the goods presented for sale but had finally accepted three hundred and twenty-five dollars. Geeslin then added that he did not have that much cash and he supposed appellant would take a check as he had before. This unresponsive statement was objected to and the objection was sustained. The court instructed the jury to disregard the statement and not to consider it for any purpose. Though the question was not improper the gratuitous response was. It was correctly withdrawn from the jury's consideration for any purpose and thus negated any error. *Maddox v. State*, 591 S.W.2d 898 (Tex.Cr.App.1979) *cert. den.* 447 U.S. 909, 100 S.Ct. 2994, 64 L.Ed.2d 859 (1980).

■ Appellant lastly urges that the portion of the prosecutor's argument at the punishment stage of the trial noting that Officer Geeslin had testified he had seen the appellant approximately ten times was impermissible and constituted reversible error. The statement by Geeslin was properly in evidence without objection on the part of the appellant and was a proper subject of the prosecution's argument. When the appellant took the stand and admitted he knew the officer as "Ed" and that he had asked for another of his business cards, the prosecutor could properly argue the import of these facts and the reasonable deductions to be drawn therefrom. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973).

Grounds of error eight through twelve are overruled.

The judgment of the trial court is affirmed.