**Vernon Lloyd O'BRIEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–202–CR.**

Court of Appeals of Texas, Corpus Christi.

Feb. 17, 1983.

Randell Friebele, Harlingen, for appellant.

Reynaldo Cantu, Jr., Criminal Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted of theft of property of the value of over $200.00. Punishment was assessed at confinement in the Texas Department of Corrections for a period of three years. The record shows that the appellant gave oral notice of appeal in open court on September 29, 1981. He is represented on appeal by retained counsel. No statement of facts was ordered, and no designation of the record was filed. No objection to the record (consisting of the clerk's transcript) was filed, and the trial court approved the record.

The record shows that the district clerk mailed the notice of approval of the record on January 5, 1982. Appellant's brief was due on February 4, 1982. Tex.Code Crim. Pro.Ann. art. 40.09 (Vernon Supp.1982). No brief was filed by that date. On September 9, 1982, this Court issued an order to appellant's counsel of record, Mr. Randall W. Friebele, to file a brief in appellant's behalf in this cause on or before September 24, 1982. Though this Court's records show receipt of such order by appellant's counsel's office, counsel did not file a brief on or before the date ordered. Instead, on September 15, 1982, appellant's counsel filed a motion to withdraw from the case. The motion was denied. Appellant's counsel was given until October 27, 1982, to file his brief. In response, appellant's retained counsel then filed a brief in which he notified this Court that he had thoroughly reviewed the record and was of the opinion that any appeal would be wholly frivolous. Appellant's counsel has certified to this Court that he forwarded a copy of his brief to the appellant at his last known address, and has explained to appellant that he may file a brief in his own behalf. No pro se brief was received.

Appellant's brief raises only one possible ground of error, which challenges the sufficiency of the evidence to sustain the conviction. However, since the appellant did not file a statement of facts, there is nothing in this ground of error for our review. *Beck v. State*, 583 S.W.2d 338, 348 (Tex.Cr.App. 1979); *Daughtrey v. State*, 544 S.W.2d 158 (Tex.Cr.App.1976).

Now after submission, we have reviewed the record and have found fundamental error. The indictment charges defendant with the form of theft described in Tex.Penal Code Ann. § 31.03(a), (b)(1) (Vernon Supp.1982). The application clause of the charge submits the form of theft described under Tex.Penal Code Ann. § 31.03(a), (b)(2) (Vernon Supp.1982). The charge authorizes conviction of an offense not alleged in the indictment. This is fundamental error. *Long v. State*, 548 S.W.2d 897 (Tex.Cr. App.1977).

The judgment of the trial court is therefore REVERSED and the cause is REMANDED.