**Eleuterio Martinez GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63535.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 10, 1982.

---

Ruben Sandoval, San Antonio, for appellant.

Jack Louis McGowen, City Atty., Roddy L. Harrison, Sp. Prosecutor, Pecos, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W.C. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This case arises out of an altercation on August 17, 1978, at a Pecos bar variously denominated as "The Disco Place," "The Place," and—by defense counsel—"a joint called the Place." After a jury trial, appellant was convicted of hindering the arrest of one Lee Roy Licon, an undenied participant in the altercation. The jury assessed a punishment of one year in jail and a $1000 fine, both of which were probated.

At the outset, the State urges, and the record reflects, that appellant's brief was not timely filed.[1] Nevertheless, appellant's conviction must be reversed because of fundamental error in the court's charge to the jury.

Divested of the formal parts, the information in this case alleges that the appellant did *"intentionally with intent* to hinder the arrest of Lee Roy Licon by providing and aiding in providing said Lee Roy Licon

---

1. The record reveals that appellant received an extension of time and that his brief was due on September 17, 1979. Unaccountably, the brief was not filed in the trial court until November 16, 1979.

with the means of avoiding arrest or affecting escape, to wit: by placing him in a car and attempting to escape before the officers arrived to arrest Lee Roy Licon." (Emphasis added)

By contrast, the court's charge to the jury reads, in pertinent part:

"[I]f you believe from the evidence beyond a reasonable doubt, that the defendant, Eleuterio Martinez Garcia, on or about the 17th day August [sic], 1978, in the County of Reeves, and State of Texas, *as alleged in the information,* did then and there unlawfully, *knowingly or intentionally* hinder the arrest of Leroy [sic] Licon ... you will find the defendant guilty of the offense of Hindering Apprehension...." (Emphasis added)

Finally, Section 38.05(a)(2) of the Penal Code, under which appellant was charged, provides:

"(a) person commits an offense if, *with intent* to hinder the arrest, prosecution, conviction, or punishment of another for an offense, he:

(2) provides or aids in providing the other with any means of avoiding arrest or effecting escape...." (Emphasis added)

■■■ Bearing in mind the offense and the information, we conclude that the jury charge was fundamentally defective in two ways. First, by the inclusion of the words, "or knowingly," it authorized a conviction on facts which would not constitute an offense under Section 38.05. Section 38.05 prescribes only one mental state, that being "with intent" to hinder arrest, prosecution, etc. It makes no use of the terms "knowingly" or "with knowledge," which denote a lesser culpable mental state. See Tex.Penal Code, § 6.03(a), (b) and Tex.Penal Code § 1.07(b). In short, Section 38.05 requires proof of "intent," and not merely, as the charge authorized, "knowledge." [2] As a result, the charge here was not only defective, but fundamentally so. *Jackson v. State,* 576 S.W.2d 88 (Tex.Cr.App.1979); *Hawkins v. State,* 579 S.W.2d 923 (Tex.Cr.App.1979).

■■■ Secondly, however, the trial court's instructions were also fundamentally defective because they "provided an alternative mens rea as a basis for appellant's culpability," a basis not alleged in the information. *Hawkins,* supra, at 924. Even if appellant might have been convicted on the basis that he acted "knowingly," such was not alleged in the information.[3] The court's charge may not expand upon the allegations in the pleading; where the charge attempts to apply the law to the facts by including one or more unpled mental states, as in this case, fundamental error ensues.[4] *Hawkins,* supra; *Hutchins v. State,* 590 S.W.2d 710 (Tex.Cr.App.1979); *Lampkin v. State,* 607 S.W.2d 550 (Tex.Cr.App.1980); *Wilson v. State,* 625 S.W.2d 331 (Tex.Cr. App.1981).

**2.** Since Section 38.05 provides a culpable mental state, Section 6.02(c) may not be invoked to say that "knowingly" or "recklessly" apply to this offense. *See Jones v. State,* 545 S.W.2d 771, 775 (Tex.Cr.App.1975).

**3.** The information here cannot be recommended, either by grammarians or this court. The word "intentionally" is superfluous, since the statutory intent to hinder an arrest is alleged. Moreover, had the information but tracked the statute, a complete sentence would have resulted—one free from any ambiguity as to mental state. As it is, the word "intentionally" apparently modifies "providing" and "aiding in providing." In the court's charge, however, the word "knowingly" clearly modifies the word "hinder." Since Section 38.05 does not require proof that an accused actually hin-

der an arrest, but only that he act with the intent to do so, this charge erroneously increased the State's burden of proof as to the *actus reus.* At the same time, it lessened the State's burden as far as the requisite *mens rea.* Although we do not mean to indulge in schoolmarmish scolding, it is easy to forget that simply using good English may prevent errors in the pleading or charge.

**4.** We reject out of hand the State's assertion that the charge was to appellant's "advantage" because it required proof that he "intentionally *and* knowingly" hindered an arrest. The charge in the record before us is in the disjunctive, not the conjunctive.

Having determined that appellant's conviction must be reversed, we nevertheless pause to call attention to the following colloquy, which occurred immediately after the direct examination of Officer Upchurch, one of the State's witnesses:

"BY MR. SANDOVAL:

"Q Officer Upchurch, did you make a report that night?

"A Yes, I did.

"Q A written report?

"A Yes, I did.

MR. SANDOVAL: May I have it?

MR. HARRISON: Pardon?

MR. SANDOVAL: May I look at it? I am entitled to it, Your Honor, for cross.

MR. HARRISON: He is entitled to it, Judge, under the law if he uses it to refresh his memory. He doesn't have it.

THE COURT: That is correct, Mr. Sandoval. At this time we are going to take just a brief moment. There is a matter that the Court needs to discuss. Would you please excuse the Jury.

(At this time the Jury was excused to the Jury room and the following proceedings were had in Open Court outside the presence and hearing of the Jury:)

THE COURT: Mr. Sandoval, you are a very competent, very experienced criminal attorney, sir. And you know, sir, what the rules of evidence are and what you are entitled to and what you are not. Is there any way we can get on with this without these constant objections. You know, sir, that you are not obligated to have or do not have access to the written or worksheets or work product of an officer's investigation of a criminal matter.

Now, as Mr. Harrison said, if he has it here reading it, yes, sir, you certainly have the right to that and you are aware of that, sir, as well as I am. And can we get along with the trial, sir."

As long ago as 1972, Presiding Judge Onion wrote for the court that the *Gaskin* rule does *not* require a preliminary showing that the witness has used a statement or offense report to refresh his memory. *Zanders v. State,* 480 S.W.2d 708, 710 (Tex.Cr. App.1972). The court has labored no less than Sisyphus to dispel this misconception. *See, e.g., Ogle v. State,* 548 S.W.2d 360 (Tex.Cr.App.1976) and *Myre v. State,* 545 S.W.2d 820 (Tex.Cr.App.1977). Although hoping grows painful, we look forward to the day when "constant objections" of the sort here will be sustained.

Because of fundamental error in the court's charge, the judgment is reversed and the cause is remanded.