NUMBER 13-04-092-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ROBERT WALTER REYES,                                                  Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 377th District Court
of Victoria County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         Appellant, Robert Walter Reyes, was indicted for the offense of aggravated
sexual assault.


 A jury returned a guilty verdict and assessed punishment at fifty years
in the Institutional Division of the Texas Department of Criminal Justice. The trial
court has certified that this is not a plea bargain case and that Reyes has the right of
appeal. See Tex. R. App. P. 25.2. By two points, Reyes complains that the charge
allowed the jury to convict him on a theory not alleged in the indictment and that the
trial court erred when it allowed the State to reopen its case. We affirm.
I. Background
         As this is a memorandum opinion and because all issues of law presented by
this case are well settled and the parties are familiar with the facts, we will not recite
the law and the facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.II. Analysis
A. Charge Error
         By his first point of error, Reyes contends the charge allowed the jury to convict
him on a theory not alleged in the indictment when the trial court, over objection,
added "by Defendant's sexual organ" to the charge. Relying on Garcia v. State, 640
S.W.2d 939, 941 (Tex. Crim. App. 1982) (holding charge was defective because it
authorized a conviction on a basis not alleged in the indictment), Reyes claims that the
added language was an essential element of the offense that was not alleged in the
charging instrument. Reyes urges that because the language was not alleged in the
indictment, he was not given sufficient notice to allow him to prepare a defense.



         The statute in effect at the time of the alleged offense provided that 
penetration could be by "any means." See Act of May 15, 2001, 77th Leg., R.S., ch.
459 § 5, 2001 Tex. Gen. Laws 893, 898 (amended 2003) (current version at Tex.
Pen. Code Ann. § 22.021(a)(1)(B)(I) (Vernon 2004-05)). The indictment recited that
Reyes "intentionally and knowingly, sexually assault[ed] . . . a child younger than
fourteen (14) years of age and not the spouse of [Reyes], by causing the penetration
of the female sexual organ of [the child.]" We cannot conclude that by adding "by
Defendant's sexual organ" to the charge the trial court allowed the jury to convict
Reyes on a theory not alleged in the indictment. The indictment alleged that Reyes
penetrated the child's female sexual organ. The statute allowed for penetration by
"any means." See id. The complained-of language added to the charge did not
change the theory by which the State was proceeding. Reyes's reliance on Garcia is
misplaced. Moreover, the State gave Reyes notice to allow him to prepare a defense
when it informed Reyes of its intent to offer the following testimony: "[the child] then
told me that [Reyes] would put his private part in her private part."
         The trial court did not err when it included the complained-of language in the
charge. Reyes's first point is overruled.
B. Reopening Case at Punishment Phase
         By his second point of error, Reyes contends the trial court abused its discretion
when it allowed the State to reopen its case during the punishment phase of the trial. 
Reyes argues that the State failed to establish that the proffered evidence would
materially change the case in its favor.
         "We review the trial court's decision whether to reopen the evidence under an
abuse of discretion standard." Peek v. State, 106 S.W.3d 72, 79 (Tex. Crim. App.
2003). "A trial judge is required to reopen a case under Art. 36.02 only if the
proffered evidence is 'necessary to a due administration of justice.'" Id. at 79; see
Tex. Code Crim. Proc. Ann. art. 36.02 (Vernon 1981). "[A] 'due administration of
justice' means a judge should reopen the case if the evidence would materially change
the case in the proponent's favor." Peek, 106 S.W.3d at 79.
         In its motion to reopen its case, the State complained that Reyes lied about the
circumstances of a driving while intoxicated (DWI) offense while testifying during the
punishment phase of the trial. Pursuant to article 36.02 of the Texas Code of Criminal
Procedure, the trial court, outside the presence of the jury and after hearing testimony
and reviewing the videotape of the DWI stop, ruled that the State could reopen its
case to provide limited testimony from Trooper Corey Lee and to admit into evidence
the excerpted videotape of Reyes's arrest.


 At the hearing the trial court explained
that under article 37.07 of the code of criminal procedure the legislature permits
admission of evidence relevant to the determination of punishment which would
include extraneous offenses and crimes. See Tex. Code Crim. Proc. Ann. art. 37.07
(Vernon Supp. 2004-05). The trial court limited the evidence to that which was
related to the offense that "rebuts whether it was at a convenience store or on the
side of the road and specific testimony that relates to the defendant actually driving
the vehicle versus having not driven the vehicle, but having been at one location and
dropped off at the vehicle."
         We conclude the trial court did not abuse its discretion when it allowed the
State to reopen the evidence during the punishment phase of the trial. See Peek, 106
S.W.3d at 79. Reyes's second point of error is overruled.
III. Conclusion
         Accordingly, we affirm the judgment of the trial court.

                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 9th day of June, 2005.