Glen Wayne WALTON alias Glen
Waymen Walton, Appellant,

v.

The STATE of Texas, Appellee.

No. 54724.

Court of Criminal Appeals of Texas,
Panel No. 2.

Nov. 29, 1978.

Rehearing En Banc Denied Jan. 17, 1979.

C. Logan Dietz, Houston, for appellant.

Carol S. Vance, Dist. Atty., Robert A.
Shults and Robert A. Moen, Asst. Dist. At-
tys., Houston, for the State.

Before ONION, P. J., and DALLY and
VOLLERS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for
robbery, where a life sentence was imposed
by the court following a jury verdict which
included a finding that the appellant had
been twice before convicted of felonies.
See V.T.C.A., Penal Code, § 12.42(d).

At the outset we are confronted with
appellant's contention that the court erred
in overruling his objection to the court's
charge at the guilt stage of the trial autho-
rizing a conviction upon a theory or theories
not charged in the indictment.

V.T.C.A., Penal Code, § 29.02, provides:

"(a) A person commits an offense if, in
the course of committing theft as defined
in Chapter 31 of this code and with intent
to obtain or maintain control of the prop-
erty, he:

"(1) intentionally, knowingly, or reck-
lessly causes bodily injury to another; or

"(2) intentionally or knowingly threat-
ens or places another in fear of imminent
bodily injury or death.

"(b) An offense under this section is a
felony of the second degree." [1]

The court charging the primary offense
alleged that the appellant on or about July
18, 1975:

---

1. In *Robinson v. State*, 553 S.W.2d 371, 373
(Tex.Cr.App.1977), this court wrote:

"The elements of robbery with *bodily inju-
ry* under V.T.C.A., Penal Code, § 29.02, are:
(1) a person (2) in the course of committing
theft (3) with intent to obtain or maintain

control of property (4) intentionally, know-
ingly or recklessly (5) causes bodily injury to
another.

"The elements of robbery *by threats* or *fear*
are: (1) a person (2) in the course of commit-
ting theft (3) with intent to obtain or main-

"did then and there unlawfully while in the course of committing theft of money owned by Jospa Nelkin, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly cause bodily injury to the Complainant."

The indictment thus charged robbery under V.T.C.A., Penal Code, § 29.02(a)(1), although the indictment did not allege the act was done recklessly.

In the charge the court abstractly instructed the jury as to both modes of robbery under said § 29.02, and instructed the jury as to the meaning of "recklessly." [2]

In applying the law to the facts, the court instructed the jury:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 18th day of July, 1975, in Harris County, Texas, the defendant, Glen Wayne Walton, did, without the effective consent of Jospa Nelkin, the owner, take and exercise control over the corporeal personal property of Jospa Nelkin, to wit, money, from the possession of Jospa Nelkin, with intent then and there to deprive Jospa Nelkin of said money, and that the said defendant, in so doing, and with intent to acquire and maintain control of said money, intentionally, knowingly, or recklessly caused bodily injury to said owner or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, then you

will find the defendant guilty of robbery as charged in the indictment." (Emphasis supplied.)

■ The appellant objected to the charge pointing out to the court that underlined portions authorized conviction upon a theory or theories not alleged in the indictment. The objection was overruled.[3]

In *Davis v. State*, 557 S.W.2d 303 (Tex.Cr. App.1977), a prosecution involving aggravated robbery, it was held that the charge to the jury was fundamentally erroneous as authorizing conviction under every conceivable theory under statutes rather than limiting conviction to theory alleged in the indictment. *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977), and *Dowden v. State*, 537 S.W.2d 5 (Tex.Cr.App.1976), were cited with approval.

■ Since the charge in the instant case authorized a conviction if the appellant "recklessly" caused bodily injury not charged in the indictment and also authorized conviction under the second mode of robbery under V.T.C.A., Penal Code, § 29.-02(a)(2), which was likewise not charged in the indictment, the charge was fundamentally defective. In addition to being fundamentally defective, the appellant's objection called the matter to the trial court's attention. See and cf. *Shaw v. State*, 557 S.W.2d 305 (Tex.Cr.App.1977).

The State calls attention to *Williams v. State*, 535 S.W.2d 352 (Tex.Cr.App.1976),

---

tain control of property (4) knowingly or intentionally (5) threatened or placed another in fear of imminent bodily injury or death.

"It is observed as to the culpable mental states involved in the two ways of committing robbery knowingly or intentionally are common to both while recklessly is applicable only to robbery *with bodily injury.*"

2. In *Dowden v. State*, 537 S.W.2d 5, 7 (Tex.Cr. App.1976), the defendant complained because the court included in the charge portions of the statutes that were neither pled in the indictment nor supported by proof at trial. There this court said:

". . . This practice at best is useless and at worst may confuse and mislead the jury and, therefore, prejudice a defendant. This Court in the past has had occasion to caution against the enumeration in the

charge of portions of a statute that could not be relied upon for a conviction. E. g., *Griffith v. State*, 142 Tex.Cr.R. 559, 155 S.W.2d 612; see *Grudzien v. State*, Tex.Cr.App., 493 S.W.2d 827; *Simons v. State*, Tex.Cr.App., 34 S.W. 619; cf. *Mauldin v. State*, Tex.Cr.App., 463 S.W.2d 10. We reiterate that admonition."

3. The State contends the appellant did not properly preserve the error, if any, since the objection was not made in accordance with Article 36.14, V.A.C.C.P. It is true that the objection was not in writing, but it was timely dictated to the court reporter in the presence and consent of the court and was subsequently transcribed showing the ruling of the court and was included in the appellate record. The State's position is without merit.

where a robbery conviction was upheld despite the fact that a theory not charged in the indictment was submitted to the jury. While the charge was held erroneous, the error was held harmless since there was no objection to the charge, and further it was unlikely the jury was confused or misled because there was no evidence that the complainant received any bodily injury (the theory not charged in the indictment), and since the evidence was sufficient to sustain a conviction for aggravated robbery as originally charged.

*Williams* was not mentioned in *Davis* or in *Robinson*, where the charges there were held to be *fundamentally* defective even though there was no objection thereto. In *Dowden, Williams* was distinguished simply by noting that *Dowden* timely objected to the charge (footnote # 2, 537 S.W.2d at p. 6).

Whatever the continued viability of *Williams*, it is easily distinguishable from the instant case. First, there was an objection to the charge, the evidence would have supported a conviction under the theory alleged as well as under V.T.C.A., Penal Code, § 29.02(a)(2). Further, the court charged on "recklessly" committing the offense under § 29.02(a)(1), which was not alleged in the indictment. Cf. *Dowden v. State*, supra.

The judgment is reversed and the cause is remanded.

VOLLERS, J., concurs in the result because there was an objection to the charge.