IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 0701-04






COY BROWN, JR., Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


EDWARDS COUNTY





 Keller, P.J., filed a dissenting opinion in which HOLCOMB and
COCHRAN, JJ., joined.

 The court of appeals concluded that the culpable mental state of "knowingly" describes an
alternate theory of aggravated assault that may not be included in the jury charge unless included in
the indictment. This conclusion conforms with this Court's pronouncements in a number of old
robbery cases, (1) and most recently with statements made in Reed v. State. (2) Nevertheless, there are
two reasons we should address the issues upon which we granted review. First, the authority upon
which the court of appeals relied is questionable. Second, the State has presented a novel theory not
considered by these cases: that in spite of the fact that the punishment for each type of robbery is the
same, "knowingly causing bodily injury" constitutes a lesser-included offense of "intentionally
causing bodily injury," and therefore may be submitted to the jury pursuant to Articles 37.08 and
37.09. (3) Or, at the least, because "knowingly" is a lesser-included mental state, the defendant whose
indictment alleges "intentionally" has notice of the "knowingly" allegation and it may be submitted
if raised by the evidence.

I.


 The line of cases in which the Court has reversed convictions for the inclusion of an
additional "reckless" mental state in the jury charge began with Dowden. (4) In that case, the charge
allowed the jury to find the defendant guilty of committing robbery by recklessly placing the victim
in fear of imminent bodily injury or death. The problem with the charge, as the opinion explained,
was that it allowed the jury to convict the defendant for conduct that did not constitute an offense. (5) 
"Recklessly" was not (and is not) a culpable mental state under §29.02(a)(2). That statute prohibits
behavior that "intentionally or knowingly threatens or places another in fear of imminent bodily
injury or death." Recklessly threatening another is simply not an offense under the robbery statute.

 Several cases following Dowden involved the exact same scenario - the inclusion of
"recklessly" in the jury charge for an offense under §29.02(a)(2). (6) These cases explicitly recognized
the basis for the reversal:

 The statutes do not authorize a conviction for robbery if the proof only shows that a
person recklessly placed another in fear of imminent bodily injury or death, and yet
the court's charge here authorized a finding of guilt upon precisely that finding. (7) 


 In later cases, where the issues were not exactly the same as in the Dowden line of cases, the
Court nevertheless cited to Dowden in reversing the convictions. In Walton, for example, the
indictment alleged robbery by intentionally and knowingly causing bodily injury, but the jury charge
allowed conviction for intentionally, knowingly or recklessly causing bodily injury or for
intentionally or knowingly threatening bodily injury. (8) The Court said:

 Since the charge in the instant case authorized a conviction if the appellant
"recklessly" caused bodily injury not charged in the indictment and also authorized
conviction under the second mode of robbery under V.T.C.A., Penal Code, s
29.02(a)(2), which was likewise not charged in the indictment, the charge was
fundamentally defective. (9) 


So even though the Dowden problem (adding "recklessly" to the mental state for threatening) did
not exist, the Court relied upon that case for the proposition that the addition of "recklessly" to the
mental state for causing bodily injury was error. (10) Of course, the Court noted the second - correct
- basis for reversing the conviction: the inclusion of the offense of threatening injury when that
offense was not alleged in the indictment. The Court apparently did not recognize the critical
difference between the offenses of causing bodily injury and threatening bodily injury, namely, that
"recklessly" is a legitimate mental state for the former but not the latter.

 The jury charge error in the Lampkin case was similar to that in Walton. The indictment
alleged that the defendant intentionally and knowingly caused serious bodily injury, but the jury
charge added "recklessly" to that offense, and also allowed conviction for the separate offense of
intentionally or knowingly threatening bodily injury. (11) The Court properly reversed the conviction
for this latter reason, never mentioning Dowden. But unlike in Walton, there is nothing in the
Lampkin opinion to suggest that the Court believed that the addition of "recklessly" to the "causing"
allegation was error.

 Nevertheless, in Wilson, the Court relied upon Lampkin to reverse a conviction where the jury
charge added "recklessly" to the mental state for the offense of causing serious bodily injury. (12) This
was an incorrect application of Lampkin. The Court also cited to Hutchins, Hawkins and Jackson
without acknowledging the distinctions between the statutorily authorized mental states for causing
injury on the one hand and for threatening injury on the other.

 The most recent in the Dowden line of cases is Reed. When this Court said in Reed that the
issue there was identical to the issue in Wilson, (13) the Court was to some extent right. Unfortunately,
Wilson was wrongly decided. Still and all, the Court was correct to reverse the conviction in Reed,
for a reason not articulated in any of the prior Dowden cases. The failure of the indictment in Reed
to allege the culpable mental state of recklessness resulted in a violation of Texas Code of Criminal
Procedure, Article 21.15, which imposes additional notice requirements when recklessness is alleged
in the indictment:

 Whenever recklessness or criminal negligence enters into or is a part or element of
any offense, or it is charged that the accused acted recklessly or with criminal
negligence in the commission of the offense, the complaint, information, or
indictment in order to be sufficient in any such case must allege, with reasonable
certainty, the act or acts relied upon to constitute recklessness or criminal negligence,
and in no event shall it be sufficient to allege merely that the accused, in committing
the offense, acted recklessly or with criminal negligence. (14) 


The culpable mental state at issue in the present case, however, is "knowingly," which is not subject
to any statutory extra-notice requirements. 

 The convictions were properly reversed in all of these cases (with the possible exception of
Wilson), but the reversal in each case was, or should have been, on a basis other than the addition
of "recklessly" to the mental state for a §29.02(a)(2) robbery. I would address the merits of this
petition because, as sometimes happens, we have wandered so far from the original justification for
the early reversals that we have lost the road. 

II.


 The second reason that I would address the merits of the petition is that none of the Court's
opinions have addressed the "lesser-included" argument presented here. (15) In a concurring opinion
in another case that did not directly address this question, Judge W.C. Davis did notice one aspect
of the issue, stating: 

 Unlike those included offenses which provide a lesser punishment, the offense
alleged in the instant case would have been in no way mitigated by proof of the lesser
culpability, see fn. 1 ante, and the State was thus bound by its charging instrument. 
The court would not have been authorized in charging upon the included offense,
because it is not a lesser offense. Cf. Art.37.09, V.A.C.C.P. In the instant case, the
offense charged and the offense requiring lesser culpability were the same offense. (16)


Judge Davis cited no authority for his opinion that the punishment range could be used to distinguish
between greater and lesser offenses except to cite Article 37.09. 

 But Article 37.09 does not cite punishment as a factor distinguishing greater and lesser
offenses; greater and lesser-included offenses are distinguished solely by their elements: 

An offense is a lesser included offense if:


(1) it is established by proof of the same or less than all the facts required to establish
the commission of the offense charged;


(2) it differs from the offense charged only in respect that a less serious injury or risk
of injury to the same person, property, or public interest suffices to establish its
commission;


(3) it differs from the offense charged only in the respect that a less culpable mental
state suffices to establish its commission; or 


(4) it consists of an attempt to commit the offense charged or an otherwise included
offense. (17)


Although this Court has never addressed whether an offense can be lesser-included if it carries the
same punishment as the offense charged, several courts of appeals have answered that question in
the affirmative, holding that the elements of the offenses, not their punishments, determine whether
one offense is a lesser-included of another. (18) 

 Unlike Reed, the present case raises an unencumbered opportunity to consider whether a
lesser culpable mental state must be alleged in the indictment to merit inclusion in the jury charge.

 I respectfully dissent to the Court's decision to dismiss the State's petition as improvidently
granted.


 Keller, Presiding Judge

Date filed: June 15, 2005

Do Not Publish
1. Wilson v. State, 625 S.W.2d 331, 332-333 (Tex. Crim. App. 1981); Lampkin v. State,
607 S.W.2d 550, 550-551 (Tex. Crim. App. 1980); Hutchins v. State, 590 S.W.2d 710, 711 (Tex.
Crim. App. 1979); Hawkins v. State, 579 S.W.2d 923, 924-925 (Tex. Crim. App. 1979); Jackson
v. State, 576 S.W.2d 89, 89-90 (Tex. Crim. App. 1979); Walton v. State, 575 S.W.2d 25, 25-27
(Tex. Crim. App. 1978); Dowden v. State, 537 S.W.2d 5, 6-7 (Tex. Crim. App. 1976).
2. 117 S.W.3d 260, 264-265 (Tex. Crim. App. 2003).
3. All references to articles refer to the Texas Code of Criminal Procedure.
4. Dowden v. State, supra.
5. Id. at p. 6.
6. Hutchins, 590 S.W.2d at 711; Hawkins, 579 S.W.2d at 925; Jackson, 576 S.W.2d at 90;
Dowden, 537 S.W.2d at 6. See §29.02(a)(2). 
7. Jackson, supra, at 90.
8. Walton, supra, at 26.
9. Id.
10. See Lampkin and Walton, passim.
11. Lampkin, 607 S.W.2d at 551.
12. Wilson v. State, 625 S.W.2d at 333.
13. Reed, 117 S.W.3d at 264.
14. Article 21.15.
15. See Wilson, Lampkin, and Walton, passim.
16. Johnson v. State, 673 S.W.2d 190, 197 n. 2 (Tex. Crim. App. 1984)(Davis, J.
concurring)(emphasis in original).
17. Article 37.09 (emphasis added).
18. Johnson v. State, 828 S.W.2d 511, 515-516 (Tex. App.-Waco 1992, pet. ref'd); Mello
v. State, 806 S.W.2d 875, 878 (Tex. App.-Eastland 1991, pet. ref'd); Stockton v. State, 756
S.W.2d 873, 876 (Tex. App.-Austin 1988, no pet.).